UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-CV-22300-ALTONAGA/GOODMAN

LINDA HEALD,

    Plaintiff,

vs.

CARNIVAL CORPORATION
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINE,

    Defendant.
_____/

### REPLY IN SUPPORT OF DEFENDANT'S TRIAL MEMORANDUM AND REQUEST FOR HEARING

Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE ("Carnival"), replies to Plaintiff's response [DE 87] to Carnival's Trial Memorandum [DE 78] and states as follows:

    **I.**    **Plaintiff's Pre-Trial Motions**

        **A.**    **Plaintiff's Request for Judicial Notice**

Only relevant evidence is admissible. *Fed. R. Evid. 401*. Further, pursuant to Local Rule 7.1, prior to any party moving for judicial action, the movant shall confer with opposing counsel. Such was not done here. *See Jones. v. Carnival,* No. 17-20648 (S.D. Fla. Feb. 22, 2019) [DE 79].

Carnival remains available to discuss the instant request with Plaintiff.

        **B.**    **Testimony of the Corporate Representative**

In accordance with this Court's prior ruling and Plaintiff's initial request, [DE 57], Carnival's corporate representative will only testify as to facts that are supported by evidence.

At present, Plaintiff's continues to seek a vague, unspecified restriction upon the corporate representative's testimony. Because of the vagueness, it is best handled during trial. With that being said, Plaintiff mentioned one specific concern during a hearing (though not referenced in either Plaintiff's motion in limine or reply); that the corporate representative cannot solely rely upon Cruise Director Michael Pack's testimony for the opinion that Plaintiff was first to make physical contact with another passenger. Carnival remains cognizant that Pack testified in his deposition that he cannot recall who touched whom first. *See Exhibit 1: Deposition of Michael Pack;* pg. 31 lns. 1-9.

## II. The CVSSA

In support of Plaintiff's claim that discussion of Carnival's responsibility to report certain crimes to the FBI under the Cruise Vessel Security and Safety Act of 2010 ("CVSSA") is relevant to this trial, Plaintiff quickly – and without support – presupposes that the physical altercation central to this case qualifies as an aggravated assault with serious bodily injury. This is not true.

Yet before analysis of whether the incident central to this case qualifies as an assault with serious bodily injury, it is critical to recall that the instant case is a civil matter—not criminal. *Even if* Carnival failed to report an incident under the CVSSA – which is false and Plaintiff relies upon pure conjecture in order to argue – Plaintiff still has no private right of action due to such a failure. *See Public Law 111-207,* Sec. 3 §3507(3)(A)(i). A violation of the CVSSA may result in a civil penalty or a criminal penalty if the violation is willful, but a passenger would never have an action against Carnival for failing to report an incident. *See Id.* at §3507(h)(1). Plaintiff relies upon an affidavit she filed in order to suggest that she would not have booked the cruise, but nowhere in her deposition did she discuss reviewing any statistics prior to booking cruise; rather,

she "just decided to book a vacation." *See Exhibit 2: Deposition of Linda Heald;* pg. 18 lns. 24-25. In fact, the Heald family plans on booking another Carnival cruise again in the future. *See Exhibit 3: Deposition of Patrick Heald;* pg. 25 lns. 5-12.

Plaintiff seeks to make this argument in order to confound the issues and circumvent this Court's prior order, [DE 80], in order to admit statistics of other incidents that are not substantially similar to the present incident. This is unfairly prejudicial to Carnival and is not probative of any fact of consequence.

Despite Plaintiff's response, [DE 87], no amount of discussion regarding the legislative history of the CVSSA will change a narrow fact: a jury will be empaneled because Plaintiff claims that Carnival was negligent and that such negligence proximately caused her injury. [DE 58]. Plaintiff was not the victim of an aggravated assault with serious bodily injury – and certainly, this jury need not decide that, whether by a preponderance of the evidence or by beyond a reasonable doubt. Even if Plaintiff was a victim of this crime, which she was not, such does not prove or disprove whether Carnival was on notice of a risk-creating condition and that negligence proximately caused Plaintiff's injury. Thus, to ask the jury to make reach a criminal verdict will confuse the jury during deliberations.

Further, Plaintiff ignores that her husband reported this incident to the FBI, and they declined to pursue charges. Plaintiff also ignores that local law enforcement was notified regarding the incident, and they too, under the effects doctrine, could have made an arrest if deemed appropriate. *See, e.g., Paul v. State,* 233 So.3d 1181 (Fla 3rd DCA 2017). In fact, the Texas Penal Code for aggravated assaults directly mirrors the United States Code addressing the same criminal conduct. *See Texas Penal Code §§ 22.02(a)(1)* ("A person commits an offense if the person commits assault as defined in §22.01 and the person: causes serious bodily injury to

another."); *see also Preussag Energie GMBH v. Wells Const. Team, Inc.,* 2000 WL 1862810, *3 (Dec. 21 2000) *relying upon Calder v. Jones,* 465 U.S.

In *Williams v. State,* 228 S.W.3d 393, 897-98 (Tex.Crim.App. 1985), the court criticized a lack of evidence for a finding of serious bodily injury, wherein the victim had two bullet wounds. *See also Gonzalez v. State,* 146 Tex.Crim. 108, 110 (Tx.Crim.App. 1943) (court employed the same definition of serious bodily injury as the Federal Code and held that stab wounds did not qualify as the requisite serious bodily injury); *see also Sizemore v. State,* 387 S.W.3d 824, 828 (Tx.Crim.App. 2012) ("There are no wounds that constitute 'serious bodily injury' per se."); *see also Banargent v. State,* 228 S.W.3d 393, 399 ("Whether an injury constitutes 'serious bodily injury' must be determined on a case-by-case basis."). Lastly, in order for Plaintiff to be the victim of an aggravated assault, she needs to be a 'victim.' Here, Plaintiff and her husband were the aggressors, and the other passengers merely acted in self-defense.

Quite simply, discussion of whether this incident is reportable under the CVSSA is not only immaterial to this civil jury's decision, but it is confusing, unfairly prejudicial, and will require an administrative and criminal trial to occur within this civil trial. Plaintiff should be precluded from making this argument.

**II.     This Court Should Exclude Unauthenticated, Inadmissible Social Media Posts**

In Plaintiff's response, she only argued that a single post (purportedly of Amanda Moxon) is relevant. Plaintiff's decision not to argue that the other posts are relevant tacitly acknowledges the obvious: they bear no relevance. Carnival will thus address the singular social media post at issue, and more specifically the accompanying text.

The text of social media posts are hearsay. *See United States v. Bates,* 2013 WL 12086775, *2 (S.D. Fla. May 30, 2013); *see also MPS Entertainment, LLC v. Abercrombie &*

4

*Fitch Stores, Inc.,* 2013 WL 3288039, *14 (S.D. Fla. June 28, 2013). Plaintiff does not dispute this, but rather provides excuses for its admittance.

First, Plaintiff argues that this case provides the rare exception for admitting unauthenticated hearsay, pursuant to Fed. R. Evid. 807. Under Rule 807, the proffered evidence must be "more probative … than any other evidence that the proponent can obtain through reasonable efforts." Prior to the close of discovery, Plaintiff considered deposing the other relevant passengers, including Amanda Moxon, but strategically decided not to. Had Plaintiff deposed Moxon and Plaintiff's direct examination established the authenticity of this post, Carnival could have inquired if her statements were exaggerated or written by someone else. Even if written by Moxon, at age 19, perhaps she pushed Plaintiff after she observed Plaintiff punch her boyfriend in the face. It is plausible that if Moxon did push Plaintiff, she did not do so with the intent of knocking her down the stairs, but rather just to push her away from her friends and family. The post may just be an immature, braggadocios comment by a 19 year old. Regardless of the meaning of the post, Plaintiff's lack of timely investigation and inability to authenticate hearsay statements does not trigger an exception that is to be used "only in rare and truly exceptional circumstances." *Talavera v. Talavera,* 2006 WL 8440058, *4 (M.D. Fla. Oct. 26, 2006).

But it is to be emphasized that the questions Carnival could have posed to Moxon are not insignificant. In order for a statement to be admissible under Rule 807(b), Plaintiff must provide Carnival with "reasonable notice." In essence, this creates a 'best evidence' requirement. *See U.S. v. City of Los Angeles,* 946 F.2d 630, 644 (9th Cir. 1991). If Plaintiff is correct and Moxon pushed Plaintiff down the stairs, the best evidence is not the proposed social media post – akin to

any out-of-court written text – bur rather is Moxon's own testimony. Plaintiff's own conduct is at fault for her inability to provide this Court the best evidence.

In *City of Los Angeles,* plaintiffs sought to enter a statement of the defendant made to reporters by introducing a newspaper article, but the court held that the statements were inadmissible under Rule 807 because the defendant's purported statement should be introduced through the testimony of one of the reporters. *Id.* In the like, in *May v. Cooperman,* 780 F.2d 240, 262-3 (3rd Cir. 1985), the plaintiffs sought to introduce an article, but the court noted that the proper means of introducing the desired testimony was through live testimony, and the plaintiffs' failure to secure that live testimony did not trigger a hearsay exception that is "to be construed and invoked only sparingly." *Id.*

By disclosing this post after the close of discovery, and acknowledging that Moxon is not appearing at trial, Plaintiff will fail to present the requisite best evidence, and equally as important, prevents Carnival from cross-examining Moxon. Moxon's testimony was obtainable through a deposition. *See Fed. R. Civ. P. 45(c)(1)(A).* The burden of proof is borne by the Plaintiff, and her noncompliance with this Court's discovery order unjustly prejudices Carnival's ability to defend against her claims and examine the evidence she seeks to admit.

Plaintiff also seeks to define Moxon as "unavailable," but this is not true. Under Rule 804, a declarant is unavailable if exempted from testifying, refuses to testify, does not remember, or "cannot be present or testify at the trial or hearing because of death or a then-existing infirmity, physical illness, or mental illness." Plaintiff's own decisions are responsible for their untimely disclosure and inability to procure testimony needed to lay the legally required foundation.

All social media post should be excluded.

CASE NO.: 18-CV-22300-ALTONAGA/GOODMAN

Respectfully submitted,

MASE MEBANE & BRIGGS, P.A.
*Attorneys for Defendant*
2601 S. Bayshore Drive, Suite 800
Miami, Florida 33133
Telephone: (305) 377-3770
Facsimile: (305) 377-0080

By: /s/ *Adam Finkel*
THOMAS A. BRIGGS
Florida Bar No. 663034
tbriggs@maselaw.com
rcoakley@maselaw.com
ADAM FINKEL
Florida Bar No. 101505
afinkel@maselaw.com
carbelaez@maselaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2019, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Adam Finkel*
ADAM FINKEL

CASE NO.: 18-CV-22300-ALTONAGA/GOODMAN

## SERVICE LIST

Spencer M. Aronfeld, Esq.
Raul G. Delgado, II, Esq.
Abby Hernandez Ivey, Esq.
Mattias Hayashi, Esq.
ARONFELD TRIAL LAWYERS
3132 Ponce de Leon Blvd.
Coral Gables, Florida  33134
Tel:  (305) 441-0440
Fax: (305) 441-0198
Aronfeld@aronfeld.com
rdelgado@aronfeld.com
aivey@aronfeld.com
mhayashi@aronfeld.com
*Attorneys for Plaintiff*

19427/#1006